IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO SCOTT LUNA,

    Petitioner,                   No. CIV S-06-0234 GEB EFB P

    vs.

DAVID L. RUNNELS,

    Respondents.              ORDER
_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground that petitioner failed to exhaust available state remedies. Petitioner opposes and requests that the action be stayed and held in abeyance while he presents his unexhausted claims to the California Supreme Court. For the reasons explained below, the court finds that the petition contains both exhausted and unexhausted claims and must be dismissed with leave to amend.

**I.**

**PROCEDURAL HISTORY**

      On September 5, 2003, petitioner was convicted of assault with a firearm, burglary with personal use of a firearm, possession of a firearm by a convicted felon, unlawful taking of a truck, and possession of a device used for smoking a controlled substance, and was sentenced to

a term of 15 years in prison.  *See* Cal. Pen. Code §§ 245, 459, 12021a, § 667(a); Cal. Veh. Code § 1085; Cal. Health & Safety Code § 11364.  Petition at 1.  On February 6, 2004, petitioner appealed on the following grounds: (1) the evidence was insufficient to support the verdict of guilty on the charge of assault with a firearm; (2) failure to instruct the jury on brandishing and counsel's failure to request such an instruction deprived petitioner of a fair trial; and (3) the trial court's answer to the jury's question about possession of a firearm violated state law and deprived petitioner of a fair trial; and (4) the fines imposed violated due process because they exceeded the statutory minimum and facts supporting their imposition were not proved to the jury.  Lodged Docs. 2, 4.  In its reply and in a supplemental brief, the State argued that the trial court erred by imposing concurrent sentence enhancements based on petitioner having served three prison terms on prior convictions.  Lodged Docs. 3, 5.  On February 14, 2005, the appellate court affirmed the judgment, but remanded for resentencing based on sentencing error raised in the State's reply.  Lodged Doc. 6.  Petitioner then sought review of the appellate court's disposition his challenge to the sufficiency of the evidence on the assault with a firearm conviction.  Lodged Doc. 7.  The California Supreme Court denied that petition on April 20, 2005.  Lodged Doc. 8.

On February 3, 2006, petitioner filed a petition for a writ of habeas corpus in this court raising the following claims:  (1) the evidence was insufficient to support the verdict of guilty on the charge of assault with a firearm; (2) failure to instruct the jury on brandishing and counsel's failure to request such an instruction deprived petitioner of a fair trial; and (3) the trial court's answer to the jury's question about possession of a firearm violated state law and deprived petitioner of a fair trial.  Petition at 2.

## II.

## THE EXHAUSTION REQUIREMENT

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State

corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**A. Analysis**

The record demonstrates petitioner presented the three claims he makes in this court to the state appellate court. But petitioner presented only one of these claims, i.e., insufficiency of the evidence to sustain his conviction for assault with a firearm, to the California Supreme Court. Thus, the petition is mixed because only this one of petitioner's three claims is exhausted. Therefore, the court must consider petitioner's request to stay this matter and hold it in abeyance.

Petitioner requests the court to stay this matter and hold it in abeyance while he presents his unexhausted claims to the California Supreme Court. Respondent opposes this request. An absolute prerequisite to instituting stay and abeyance in habeas corpus proceedings is a finding that petitioner demonstrate good cause for his failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If the court finds good cause, it nevertheless cannot grant a stay with respect to

1 claims that "are plainly meritless," or when the failure to exhaust was a delay tactic. *Rhines*, 544
2 U.S. at 277.  Petitioner does not explain why he failed to exhaust.  He merely requests that the
3 court invoke the stay-abeyance procedure.  Without petitioner having demonstrated good cause
4 for his failure to exhaust, there is no basis for finding that stay and abeyance is appropriate.
5 Therefore, the petition must be dismissed with leave to file an amended petition containing only
6 the exhausted claim.

   Accordingly, it is hereby ORDERED that:

   1.  Respondent's April 3, 2006, motion to dismiss is granted;

   2. The February 3, 2006, petition is dismissed with leave to amend; and

   3.  Petitioner has 30 days from the date this order is signed to file an amended petition
containing only his exhausted claim.  Failure to comply with this order will result in a
recommendation that this action be dismissed without further leave to amend.

Dated:  January 17, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE